[Cite as *Durisala v. Durisala*, 2014-Ohio-3309.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| RAO DURISALA, | : | APPEAL NO. C-130719 |
| | | TRIAL NO. DR-0901795 |
| Plaintiff, | : | |
| | | *O P I N I O N.* |
| vs. | : | |
| | | |
| KALA RANI DURISALA, | : | |
| | | |
| Defendant/Third-Party Plaintiff-Appellee, | : | |
| | : | |
| vs. | : | |
| | : | |
| DURISALA DASAIAH, | : | |
| | : | |
| and | : | |
| | : | |
| NIRMALA DASAIAH, | : | |
| | : | |
| Third-Party Defendants-Appellants. | : | |

Appeal From:   Hamilton County Court of Common Pleas, Domestic Relations
                 Division

Judgment Appealed From Is:  Affirmed

Date of Judgment Entry on Appeal:  July 30, 2014

*King, Koligian & Associates* and *Stephen R. King*, for Defendant/Third-Party
Plaintiff-Appellee,

*Katzman, Logan, Halper & Bennett* and *Kenneth B. Flacks*, for Third-Party
Defendants-Appellants.

Please note:  this case has been removed from the accelerated calendar.

**DINKELACKER, Judge.**

{¶1}   Plaintiff Rao Durisala and defendant/third-party plaintiff-appellee Kala Rani Durisala ( "Kala") were married in 2001 in India.  In 2009, the parties filed for divorce.  In 2010, Kala filed a motion in the trial court to join Rao Durisala's parents, third-party defendants-appellants Durisala and Nirmala Dasaiah ("the Dasaiahs"), because she claimed that they held certain jewelry in their possession that had been given to her and was marital property.  The Dasaiahs claimed, in response, that the jewelry had been loaned to Kala, and had not been given as a gift.  They further claimed that she had the jewelry, and filed a counterclaim seeking its return.

{¶2}   The magistrate heard testimony on the issue, and determined that the jewelry was in Kala's possession and had not been given to her as a gift.  She was ordered to either return the jewelry to the Dasaiahs or reimburse them for its value.  On Kala's objections to that decision, the trial court decided that the magistrate had correctly determined that the jewelry belonged to the Dasaiahs, but that the trial court had no jurisdiction to dispose of the property because it was not marital or separate property.  In two assignments of error, the Dasaiahs now appeal.

{¶3}   In their first assignment of error, the Dasaiahs claim that the trial court erred when it determined that it lacked jurisdiction to order Kala to either return the jewelry or reimburse them for it.  We disagree.

{¶4}   The jurisdiction of the domestic relations court is set forth in R.C. 3105.011, which provides that "[t]he court of common pleas including divisions of courts of domestic relations, has full equitable powers and jurisdiction appropriate to the determination of all domestic relations matters."  R.C. 3105.171(B) allows the

domestic relations court to determine what constitutes marital property and what constitutes separate property. The statute states that:

> In divorce proceedings, the court shall * * * determine what constitutes marital property and what constitutes separate property. In either case, upon making such a determination, the court shall divide the marital and separate property equitably between the spouses, in accordance with this section. For purposes of this section, the court has jurisdiction over all property * * * in which one or both spouses have an interest.

In other words, the domestic relations court has only the authority to determine whether certain property is marital property or the separate property of one of the spouses and to dispose of that property between the spouses accordingly.

{¶5} As the Eleventh Appellate District noted, "the issues of determining whether or not an asset should be included in the marital estate, and if it [is] a marital asset, its valuation for purposes of property distribution are primarily domestic relations matters, whereas a separate action to quiet title in property filed in the domestic relations court by a third party would not be." *Mitchell v. Mitchell*, 11th Dist. Portage No. 2007-P-0023, 2008-Ohio-833, ¶ 63. The Eighth Appellate District has likewise concluded that "[a]ny collateral claims must be brought in a separate action in the appropriate court or division when the claim involves the determination of the rights of a third-party." *Lisboa v. Karner*, 167 Ohio App.3d 359, 2006-Ohio-3024, 855 N.E.2d 136, ¶ 6 (8th Dist.), citing *Tanagho v. Tanagho*, 10th Dist. Franklin No. 92AP-1190, 1993 Ohio App. LEXIS 1201 (Feb. 23, 1993), and *State ex rel. Ross v. Judge O'Grady*, 10th Dist. Franklin No. 94APD03-443, 1994 Ohio App. LEXIS 4383 (Sept. 27, 1994). Once the trial court has determined that

certain property is neither marital property nor separate property, it has no further jurisdiction to dispose of it. For that, an action must be brought in the general division of the court of common pleas. *See Mitchell, supra.*

{¶6} Since the trial court determined that the jewelry in this case was neither marital property nor the separate property of either spouse, it did not have jurisdiction to dispose of the property. Therefore, we overrule the Dasaiahs' first assignment of error.

{¶7} In their second assignment of error, the Dasaiahs claim that the form of the decision issued by the magistrate was not proper and that technical deficiencies prevent them from using it to collect on the judgment. In light of the fact that the trial court properly determined that it lacked jurisdiction to issue the judgment, we overrule the second assignment of error.

{¶8} The judgment of the trial court is affirmed.

Judgment affirmed.

**CUNNINGHAM, P.J.**, and **FISCHER, J.**, concur.

Please note:

The court has recorded its own entry on the date of the release of this opinion.