[Cite as *T.A. v. R.A.*, 2019-Ohio-3179.]

# COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| T. A., | : | |
| Plaintiff, | : | |
| | | No. 107166 |
| v. | : | |
| R. A., | : | |
| Defendant-Appellee, | : | |
| [Appeal by Q.A., Et al., | : | |
| Third-Party Defendants-Appellants.] | | |

---

## JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** August 8, 2019

---

Civil Appeal from the Cuyahoga County Court of Common Pleas
Domestic Relations Division
Case No. DR-15-355865

---

### *Appearances:*

Raslan & Pla, L.L.C., Jorge Luis Pla, Lila D. Raslan, and
Nadia Zaiem, *for appellee*.

Dinn, Hochman & Potter, L.L.C., and Edgar H. Boles, *for
appellants*.

EILEEN T. GALLAGHER, P.J.:

{¶ 1} Third-party defendants-appellants, Q.A. ("appellant") and two
corporations, Pearl Road, Inc. ("Pearl Road") and 871 Rocky River Drive, Inc.

("Rocky River Drive"), bring the instant appeal challenging the trial court's judgment entry ordering appellant to release mortgages on Devon Drive, North Olmsted ("marital home") and Rocky River Drive, properties awarded to defendant-appellee, R.A. ("wife") in a divorce action filed by appellant's brother, plaintiff, T.A. ("husband"). Appellants also challenge the trial court's jurisdiction when it ordered them to remain parties to the proceedings pursuant to Civ.R. 75(B)(1). We find no merit to the appeal and affirm the trial court's judgment.

## I. Factual and Procedural History

{¶ 2} On February 18, 2015, husband filed a complaint for divorce against wife in the Cuyahoga County Court of Common Pleas, Domestic Relations Division. *See Allan v. Allan*, 8th Dist. Cuyahoga No. 107142, 2019-Ohio-2111. On that same day, the trial court issued a mutual restraining order against both husband and wife. Husband filed an ex parte restraining order against wife in regard to the contents within husband's personal safety deposit box.

{¶ 3} On June 19, 2015, wife filed an answer, counterclaim for divorce, and cross-claims against appellant. In the divorce action, wife joined appellant, husband's brother, and two Sunoco gas stations that husband and appellant jointly owned and operated. Wife asserted that the two gas stations were marital property. The gas stations were located at 871 Rocky River Drive, Berea, Ohio and 7606 Pearl Road, Middleburg Heights, Ohio. Wife also joined Tallan, L.L.C., husband's corporation, and various financial institutions in the cross-claims. The cross-claims

consisted of several tort claims for fraud, misrepresentation, conversion, and misappropriation.

{¶ 4} Pearl Road was purchased by wife with two other partners in November 1996. The parties purchased the gas station but did not purchase the land on which the gas station sat. *Allan* at ¶ 12. In June 1997, wife became the sole owner of the Pearl Road gas station. Husband and wife were married on October 17, 2002. In 2001, husband entered into a purchase agreement with wife to purchase 51 percent of the stock in 7606 Pearl Road. In the divorce action, wife claims that in May 2002, prior to the couple's marriage, husband coerced her into transferring the remaining 49 percent in the Pearl Road gas station to him and not compensating her for the transfer.

{¶ 5} Sometime in 2004, husband purchased 871 Rocky River Drive. This purchase included the property, equipment, and the building. *Id.* at ¶ 16. On May 21, 2004, husband organized Tallan, L.L.C. He is the sole member of Tallan, L.L.C. On June 17, 2004, husband incorporated 871 Rocky River Drive, and in October 2004, Sunoco, Inc. conveyed the real property to Tallan, L.L.C. The purchase price was $385,000. On October 25, 2004, Tallan, L.L.C., entered into a term note with Charter One Bank for $269,500 and an open-end mortgage was recorded for the same amount. The difference of $120,000 was contributed by husband and wife, through a mortgage on the parties' marital home.

{¶ 6} According to husband, he operated the gas stations with appellant. Sometime in 2009, husband renovated 871 Rocky River Drive. However, he and

appellant testified that husband ran out of money and was unable to complete the renovations. Husband subsequently sold a portion of 871 Rocky River Drive to appellant, and Tallan, L.L.C. retained ownership of the real estate. *Id.* at ¶ 26.

{¶ 7} The sale of 871 Rocky River Drive was completed through two transactions. Sometime between October 2010 and March 2011, husband sold appellant 49 percent of the stock in 871 Rocky River Drive. Both appellant and husband testified that appellant paid husband $10,000 and assumed the $330,580 debt to the construction company for the renovation work. On September 14, 2012, husband sold the remaining 51 percent of the stock to appellant for $57,000.

{¶ 8} On November 22, 2013, husband also sold Pearl Road to appellant for $150,000, which husband had originally purchased for $250,000.

{¶ 9} In May 2014, Charter One Bank wrote a letter to Tallan, L.L.C., stating that the commercial loan for the original purchase of 871 Rocky River Drive could not be extended past the maturity date of October 25, 2014, and $181,088 was owed on the note. Husband testified that he asked appellant for assistance with payment on the note. Husband and appellant apparently entered into an agreement in which appellant was to pay the remaining balance of $181,088, and in an effort to repay appellant, husband would grant a mortgage in that amount on the marital home.

{¶ 10} On February 4, 2015, husband granted appellant a mortgage on the marital home for $181,088. On that same day, husband, through Tallan, L.L.C., also granted appellant a second mortgage on 871 Rocky River Drive in the amount of

$181,088. Wife did not sign the mortgage and testified that she did not have knowledge of it. Husband filed for divorce from wife on February 18, 2015.

{¶ 11} Once joined in the divorce action, appellant filed a complaint in Cuyahoga C.P. No. CV-15-847754 against husband for failure to pay $188,088[1] to appellant. Wife intervened in that matter and filed a stay, pending the outcome of the divorce proceedings between husband and wife. The trial court dismissed appellant's complaint without prejudice in May 2018.

{¶ 12} On October 23, 2015, appellant filed a motion to dismiss wife's amended counterclaim and cross-claims. The trial court denied the motion to dismiss on November 19, 2015.

{¶ 13} Thereafter, on November 24, 2015, appellant filed a writ of prohibition to this court and an application for an alternative writ. *Allan v. Palos*, 8th Dist. Cuyahoga No. 103815, 2016-Ohio-3073. Appellant argued that the trial court lacked subject matter jurisdiction over wife's cross-claims against appellant. On December 10, 2015, this court denied appellant's application for an alternative writ and dismissed appellant's complaint for a writ of prohibition. This court ruled that the trial court possessed general subject matter jurisdiction, and therefore, "prohibition is not available to prevent or correct any erroneous judgment, nor is prohibition available as a remedy for an abuse of discretion or as a remedy in order to prevent an anticipated erroneous judgment." *Id.* at ¶ 12. In addition, it was noted that

---

[1] In C.P. No. CV-15-847754, the complaint dollar amount is inconsistent with the dollar amount in this case. It is unclear where the discrepancy originated, but the correct amount should be $181, 088.

appellant possessed "an adequate remedy at law by way of an appeal." *Id.*, citing *Goldstein v. Christiansen*, 70 Ohio St.3d 232, 638 N.E.2d 541 (1994), and *State ex rel. Pearson v. Moore*, 48 Ohio St.3d 37, 548 N.E.2d 945 (1990).

{¶ 14} On remand, in June 2016, appellant filed an answer, counterclaims, and cross-claims against wife. On July 28, 2016, appellant filed a timely motion to dismiss wife's claims, followed by a motion for summary judgment in May 2017. On June 20, 2017, the trial court issued a judgment entry granting appellant's motion to dismiss and motion for summary judgment, thereby disposing of all of wife's cross-claims against appellant and all other joined parties.

{¶ 15} Subsequently, the divorce action between husband and wife proceeded to trial. On April 20, 2018, the trial court issued a judgment entry for divorce. Of significance to appellant's instant appeal, the trial court determined Pearl Road and 871 Rocky River corporations to be marital property. The court further ordered appellant to release the mortgages on both the properties, and ordered husband to pay $181,088 to wife in the event appellant's mortgages were not released. The trial court also ordered appellant to remain in the action pursuant to Civ.R. 75(B)(1) until all of the orders were complied with. It is from that April 20, 2018 judgment entry that appellant brings the instant appeal, assigning two errors for our review.

> I. The trial court exceeded its subject-matter jurisdiction and thus erred in its [April 20, 2018 judgment entry] when it ordered "that [appellant] shall release the mortgages on [the marital home] and 871 Rocky River Drive, [Berea] Ohio."

II. The trial court exceeded its subject-matter jurisdiction and thus erred in its [April 20, 2018 judgment entry] when it ordered "that until all of the above orders are complied with all parties shall remain in this action," which included [appellant], Pearl Road, Inc.[,] and 871 Rocky River Drive, Inc.

## II. Law and Analysis

### A. Subject Matter Jurisdiction

{¶ 16} In appellant's first assignment of error, he argues that the trial court lacked subject matter jurisdiction to enter judgment against him, i.e., ordering him to release the mortgages on the marital home and 871 Rocky River Drive.

{¶ 17} We review "issues relating to subject matter jurisdiction de novo, as such a determination is a matter of law." *In re E.G.*, 8th Dist. Cuyahoga No. 98652, 2013-Ohio-495, ¶ 9, citing *In re K.R.J.*, 12th Dist. Clermont No. CA2010-01-012, 2010-Ohio-3953, ¶ 16.

{¶ 18} In divorce proceedings, R.C. 3105.171(B) requires the trial court to determine what constitutes marital property and separate property. Therefore, it is undisputed that the trial court had jurisdiction to determine which of husband's and wife's assets were marital property because that determination is principally a domestic relations matter. As this court previously noted in *Allan*, 8th Dist. Cuyahoga No. 103815, 2016-Ohio-3073, at ¶ 11, the trial court "possesse[d] the basic subject matter jurisdiction to adjudicate the complaint for divorce and to divide all marital assets between [husband] and [wife.] R.C. 3105.171(C)." This court further noted that "[t]he issue of determining whether or not an asset should be categorized as marital property, and the value of the marital property for the purpose of

distribution, is a matter that is to be determined by [the trial court] in her capacity as a judge of the domestic relations court." *Id.*, citing to *Durisala v. Durisala*, 1st Dist. Hamilton No. C-130719, 2014-Ohio-3309.

{¶ 19} As such, the trial court had jurisdiction to find the $181,088 husband mortgaged to appellant was exclusively husband's debt. Specifically, the trial court stated that the funds used to pay the "debt were proceeds from the businesses, which were the guarantors of the debt, and means that any debt in this case created by [husband] is at best questionable and should not be included in any division of property." April 20, 2018 Judgment Entry at 17. The trial court also found that husband's various actions, including his mortgaging the marital home and 871 Rocky River Drive constituted financial misconduct. The trial court then ordered that appellant "shall release the mortgages" on the marital home and 871 Rocky River Drive.

## B. Order Releasing the Mortgages

{¶ 20} Appellant argues that once the trial court dismissed wife's cross-claims against appellant, it thereafter had no jurisdiction to enter judgment against appellant. In particular, wife's cross-claim against appellant sought a declaratory judgment seeking a rescission of the mortgages by husband to appellant. For these reasons, appellant argues that the trial court's order mandating that he release the mortgages is a collateral matter to the divorce, and as such, the trial court lacked jurisdiction to enter judgment against him.

{¶ 21} In support of his argument in this regard, appellant directs this court's attention to *Shalash v. Shalash*, 5th Dist. Delaware No. 12-CAF-110079, 2013-Ohio-5064. In *Shalash*, the wife filed for divorce against the husband on March 16, 2010. The husband owned a drive-thru beverage business and the wife named the business corporation as a defendant in the divorce complaint. On June 23, 2010, the husband sold the corporation to his mother. The husband's mother then created a separate corporation to run the business. On October 8, 2011, the wife filed an amended complaint and named the mother's corporation as a defendant.

{¶ 22} Notably, "[t]he trial court stated that in order to properly consider [the husband's corporation] as a marital asset, the transaction between [the husband] and his [m]other must be vacated." *Id.* at ¶ 6. The trial court then found the transaction from the husband to his mother to be a "sham transaction" and the trial court vacated the transaction as part of the divorce decree. The trial court also found the mother's corporation to be a marital asset and ordered mother to transfer the corporation to the wife.

{¶ 23} The Fifth District found that "the trial court had jurisdiction to determine which assets comprised the marital estate because that determination is primarily a domestic relations matter." *Id.* at ¶ 21. Once the trial court found evidence that the husband engaged in financial misconduct by disposing of the business via a sale to his mother, it could have either awarded a distributive award or a greater award of marital property pursuant to R.C. 3105.171(E)(4). The Fifth District also noted that if the trial court sought to compensate the wife for the

husband's financial misconduct, it should have considered the business as part of the marital estate. *Id.* at ¶ 29. Furthermore, the trial court should not have vacated the sale of the business to mother or granted the wife ownership of the business. *Id.* To this end, ordering the mother to transfer the business to the wife "was an inappropriate extension of the trial court's authority in this case because the court had alternative remedies to utilize, such as the application of the financial misconduct statute." *Id.*

{¶ 24} In the instant matter, appellant argues that we should follow the *Shalash* decision and find that the trial court should have only ordered a distributive award to wife, from husband, of $181,088. As such, appellant appears to argue that the trial court's order releasing the mortgages on the marital home and 871 Rocky River Drive equates to the order in *Shalash* that vacates the sale of the business from the mother. We do not agree.

{¶ 25} First, the trial court's order releasing the mortgages is not an order vacating the actual transaction between appellant and husband. Such an order by the trial court would be an improper exercise of its jurisdiction over a third-party defendant pursuant to R.C. 3105.011. *See, e.g., Centerburg RE, L.L.C. v. Centerburg Pointe, Inc.*, 2014-Ohio-4846, 22 N.E.3d 296, ¶ 53 (5th Dist.) (where a separate breach of contract action between a husband and wife's business entities involved the rights of third parties to a divorce action, and thus, was within the scope of the general division's jurisdiction).

{¶ 26} Second, this court has previously held that a domestic relations court has jurisdiction to order a third-party defendant to release funds held in the third-party's bank account. *Glassman v. Offenberg*, 8th Dist. Cuyahoga Nos. 85838, 85863, and 87175, 2006-Ohio-3837. In *Glassman*, in a divorce action, the husband was ordered to pay his ex-wife child support. Years after the divorce was finalized, the husband remarried and filed a motion to modify the support order. The ex-wife joined the husband's new wife in the action. The ex-wife also filed a restraining order against the new wife's bank account, and the trial court granted a temporary restraining order.

{¶ 27} The trial court noted that the new wife may have colluded with the husband to conceal his income for purposes of the calculation of the support order. The trial court ordered funds in the new wife's account to be released to the ex-wife. The trial court reasoned that the funds belonged to the husband and the new wife had held the funds in a constructive trust. *Id.* at ¶ 16. The new wife argued that the funds were revenue from her business, PSS, Inc., which had not been joined as a party.

{¶ 28} On appeal, the new wife and husband argued that the trial court lacked jurisdiction over her and the order releasing funds to the ex-wife was void ab initio. They further argued that the funds within the new wife's bank account belonged to her business. They also argued that the trial court had no authority to order the funds released to the ex-wife absent a motion on either of their behalf specifically invoking the trial court's jurisdiction on the issue.

{¶ 29} This court disagreed and noted that the trial court granted the restraining order, and thus, jurisdiction over the new wife was invoked. Further, the new wife had defended against the restraining order demonstrating that the trial court's jurisdiction over the issue was invoked. Thus, by finding that the funds in the new wife's bank account belonged to the husband, the trial court had jurisdiction, and "[c]onsequently, the proper disposition of the funds was to release it to satisfy the child support obligations of [the husband.]" *Id.* at ¶ 35.

{¶ 30} In the instant matter, wife alleged that husband engaged in financial misconduct in an effort to defeat her interests in the marital property. Wife argued that husband sold his interest in 871 Rocky River Drive and Pearl Road to appellant and concealed material facts concerning the sale; conspired to create the sale of both gas stations in order to convert and misappropriate marital property; made representations to wife regarding business operations that were false in order to convert and misappropriate the assets and income; and conspired to defeat wife's interest in the marital property. As a result of this financial misconduct, wife sought a greater share of the remaining marital assets based upon the concealment of marital assets or the improper transfer of marital property from husband to appellant.

{¶ 31} The trial court, in an effort to compensate wife for husband's financial misconduct, awarded wife husband's interest in the marital home and 871 Rocky River Drive. The trial court further ordered that "any debt owed by husband to appellant, including the mortgage on 871 Rocky River Drive and the marital home,

shall be paid by husband and that husband shall hold wife harmless on any of said debts." The trial court identified, valued, and thereafter distributed the marital property.

{¶ 32} R.C. 3105.171(E)(4) provides:

> If a spouse has engaged in financial misconduct, including, but not limited to, the dissipation, destruction, concealment, or fraudulent disposition of assets, the court may compensate the offended spouse with a distributive award or with a greater award of marital property.

Additionally, "[a] trial court has broad discretion to make a distributive award to a spouse, pursuant to R.C. 3105.171(E), in order to compensate for the financial misconduct of the other spouse." *Trolli v. Trolli*, 8th Dist. Cuyahoga No. 101980, 2015-Ohio-4487, ¶ 51, citing *Hvamb v. Mishne*, 11th Dist. Geauga No. 2002-G-2418, 2003-Ohio-921, ¶ 14, citing *Lassiter v. Lassiter*, 1st Dist. Hamilton No. C-010309, 2002-Ohio-3136. Pursuant to R.C. 3105.171(E)(4), a trial court has two remedies to compensate a spouse for the other spouse's financial misconduct: (1) a distributive award, or (2) a greater award of marital property.

{¶ 33} As such, the trial court in the instant matter was well within its authority to compensate wife for husband's financial misconduct, and thereafter, award wife a greater award of marital property.

{¶ 34} Furthermore, R.C. 3105.171(B) states, in pertinent part, that a trial "court has jurisdiction over all property in which one or both spouses have an interest." The marital home and 871 Rocky River Drive were property in which husband and wife both had an interest. As such, the trial court had jurisdiction over

these properties. Therefore, the trial court had authority to enter judgment against appellant and order him to release the mortgages. "A domestic relations court has the power to 'grant complete relief in a matter which is primarily a domestic relations matter.'" *Kell v. Verderber*, 1st Dist. Hamilton No. C-120665, 2013-Ohio-4223, ¶ 20, quoting *In re Dunn*, 101 Ohio App.3d 1, 5, 654 N.E.2d 1303 (12th Dist.1995).

{¶ 35} Applying *Glassman*, 8th Dist. Cuyahoga Nos. 85838, 85863, and 87175, 2006-Ohio-3837, to the instant matter, the trial court granted the mutual restraining order, and thus, its jurisdiction over appellant was invoked. Therefore, we cannot find that the trial court did more than perform an authorized apportionment of marital property. Moreover, by finding that the marital home and 871 Rocky River Drive were marital property, and not appellant's property, the proper disposition was to order appellant to release the mortgages appellant held on the properties to satisfy wife's award of greater marital property. *Glassman*, 8th Dist. Cuyahoga Nos. 85838, 85863 and 87175, 2006-Ohio-3837, at ¶ 35.

{¶ 36} Accordingly, appellant's first assignment of error is overruled.

### C. Order Requiring Appellant Remain in the Action

{¶ 37} In appellant's second assignment of error, appellant argues that because the trial court lacked subject matter jurisdiction to enter judgment against him, the trial court therefore lacked subject matter jurisdiction to order "until all of the above orders are complied with all parties shall remain in this action."

{¶ 38} On June 20, 2017, the trial court issued a judgment entry granting appellant's motion to dismiss and motion for summary judgment. This judgment entry effectively disposed of all of wife's cross-claims against appellant and all other joined parties. The trial court also ordered appellant to remain parties to the action pursuant to Civ.R. 75(B)(1) "as stakeholders of property from which a party seeks a division of marital property, a distributive award, or support."

{¶ 39} Civ.R. 75(B)(1) states:

> A person or corporation having possession of, control of, or claiming an interest in property, whether real, personal, or mixed, out of which a party seeks a division of marital property, a distributive award, or an award of spousal support or other support, may be made a party defendant [.]

{¶ 40} First, we note that appellant fails to develop any argument nor does he cite to any authority as required by App.R. 16(A)(7) that would support his argument that the trial court did not have jurisdiction to order appellant to stay in the matter until compliance with all orders relating to the release of the mortgages. By the plain reading of Civ.R. 75(B)(1), the trial court was clearly well within its jurisdiction to order appellant to remain in the action.

{¶ 41} Accordingly, appellant's second assignment of error is overruled.

### III. Conclusion

{¶ 42} The trial court had jurisdiction to order appellant to release the mortgages on the marital home and 871 Rocky River Drive. The trial court determined these properties were marital property, and therefore was able to award and distribute the property accordingly. Pursuant to Civ.R. 75(B)(1), the trial court

had jurisdiction to order appellant to stay in the matter until there was compliance with all its orders.

{¶ 43} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
EILEEN T. GALLAGHER, PRESIDING JUDGE

MARY J. BOYLE, J., and
ANITA LASTER MAYS, J., CONCUR